**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DIANA GALINDO, CHARLES SCHRODER, JOANNA SCHRODER, ELIZABETH ACOSTA and ORLANDO GARCIA,**

**Plaintiffs,**

**v.** **No. CIV 02-0476 KBM/JHG**

**TOWN OF SILVER CITY, SILVER CITY MAYOR JOHN PAUL JONES, and his successor in interest in their official and individual capacity, SILVER CITY MANAGER TOM BATES and his successor in interest, in their official and individual capacity SILVER CITY COUNCILORS RALPH DOMINGUEZ, ELIZABETH GARY, GARY CLAUSS, PETER RUSSELL, in their official and individual capacity, SILVER CITY POLICE CHIEF HENRY CHAVEZ, in his official and individual capacity, SILVER CITY POLICE OFFICERS, JOE ACOSTA, in his official and individual capacity, BOBBY RUIZ, in his official and individual capacity, DANIEL BARDE, in his official and individual capacity, SAM RODRIGUEZ, in his official and individual capacity, JOHN DOES 1-3, THE COUNTY OF GRANT, GRANT COUNTY COMMISSIONERS, MANUEL SERNA, HENRY TORRES, and DAVID CONWAY, in their official and individual capacities, GRANT COUNTY SHERIFF STEVE REESE, in his official and individual capacity, GRANT COUNTY SHERIFF'S OFFICER REUBEN PORTILLO, in his official and individual capacity,**

**Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiffs' Motion for Default Judgment Against Defendants County of Grant, Steve Reese and Ruben Portillo **[Doc. No. 97]**, filed March 5, 2003. Pursuant to Fed.R.Civ.P. 37(d), Plaintiffs move the Court for default judgment against

Defendants Portillo and Reese for "their intentional, willful and bad faith approach to their discovery obligations."

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to serve answers or objections to interrogatories, the Court may render a judgment by default against that party.[1] Fed.R.Civ.P. 37(d). However, the court may not enter a judgment of default as a sanction without finding "willful" noncompliance or bad faith. *See Gocolay v. New mexico Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1020-21 (10th Cir. 1992). In this context, willful failure is "intentional failure as distinguished from involuntary noncompliance." *In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987). If counsel engages in deliberate, dilatory tactics for the client's benefit, default judgment may be warranted. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988).

In this case, Plaintiffs allege that Defendants Portillo and Reese "have acted, and continue to act in bad faith in their willful, intentional, misleading or false responses and their failure or refusal to respond" to Plaintiffs' discovery requests. Pls.' Mem. in Supp. of Mot. to Compel at 4.

---

[1] Rule 37(d) provides in pertinent part:

> If a party . . . fails . . . to serve answers or objections to interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. The authorized actions include: (A) an order establishing designated facts for the purpose of the action; (B) an order prohibiting a party from supporting or opposing designated claims or defenses or introducing designated matters into evidence; and (C) and order striking out pleadings, staying further proceeding, dismissing the action or proceeding, or entering a default judgment. *See* Fed.R.Civ.P. 37(b)(2).

Specifically, Plaintiffs allege (1) Defendant Portillo lied in his discovery responses as well as in his sworn testimony and (2) Defendant Reese intentionally and deliberately failed or refused to answer the interrogatories directed at him as the government policymaker. Pls.' Mem. in Supp. of Mot. for Default J. at 3.

**Defendant Portillo**

According to Plaintiffs, they propounded the following interrogatories to Defendant Portillo: *Plaintiffs' Interrogatory No. 1*– Please set forth in detail any and all reasons explaining why you were terminated as a Grant County Sheriff's Officer. Defendant Portillo responded: *Answer*: Objection; speculation. Without waiving the foregoing objection, I was not terminated as Grant County Sheriff's officer (See arbitration conclusions and discussion-Attached as Exhibit " A). Plaintiffs have submitted evidence clearly showing that Defendant Portillo was discharged by the County of Grant Sheriff's Department. *See* Plaintiffs' Ex. 15 (Pls.' Mot. to Compel)(Arbitration Ruling by T. Zane Reeves, Ph.D.) and Ex. 18 (Pl.s' Mot. for Default J.) (Notice of Termination to Defendant Portillo from Grant County Sheriff's Department). Defendant Portillo counters that he submitted supplemental responses to Plaintiffs' Interrogatory No. 1, stating he was reinstated after a grievance hearing, and it was his belief that reinstatement voided the termination. It is customary for an attorney to assist his client in responding to interrogatories. In this case, Defendant Portillo's counsel had a duty to enlighten his client as to the meaning of "termination." Defendant Portillo was clearly terminated by the County of Grant Sheriff's Department.

*Plaintiffs' Interrogatory No. 7*– Please identify all Complaints against or by you during the last 10 years. Defendant Portillo responded: *Answer*: See answer to Interrogatory No. 6.

Defendant Portillo's answer to Interrogatory No. 6 states, "Objection, overbroad, vague. Without waiving the foregoing objection to the best of my memory I have not investigated any complaints against police officers." This answer is obviously non-responsive as to Interrogatory No. 7. Defendant Portillo's supplemental response states. "This is the only Complaint filed against me in the last ten years. I have not filed any complaints in the last ten years." Additionally, at his deposition, Defendant Portillo testified:

> Q. Okay. In one of your questions– in one of my interrogatories to you, I believe that we had asked if there were any complaints ever filed against you. And I have a list, essentially, of complaints or tort claim notices. And essentially all of them were from my office.
>
> A. (Indicating.)
>
> Q. Is that a yes?
>
> A. Yes, sir.
>
> Q. She doesn't pick up head nods very well.
>
> A. Yes, sir.
>
> Q. Do you recall– I want to give you this opportunity to clear up any– maybe if you forgot any other complaints that may have been filed against you and that you just didn't remember at the time that you answered those interrogatories.
>
> A. Yes. And I answered them– the way I answered them is the way that those were, yes, sir.
>
> Q. Any complaints that were not particularly documented made against you by anybody?
>
> A. Not to my recollection.
>
> Q. So, for example, the sheriff never called you in– other than the times we already talked about, the sheriff has never called and talked to you about any complaints, civilian or otherwise, anybody else ever made against you?
>
> A. I can't recall of any except just the ones that I placed on the –
>
> Q. On the answer?

A. Yes, sir?

*See* Pls.' Ex.16. Plaintiffs have submitted evidence showing Defendant Portillo prevaricated his answers to Interrogatory No. 7. *See* Pls.' Ex. 19, 20 & 21 (Pls.' Mem. in Supp. of Mot. for Default J.). Defendant Portillo contends Plaintiffs asked him for any "Complaints" made against him. Therefore, Defendant Portillo contends that since "Complaints" was capitalized one would assume Plaintiffs were asking for lawsuits, otherwise Plaintiffs should have used "complaints" in lower case. *See* Defendants Resp. to Pls.' Mot. for Default J. at 12. This kind of argument exemplifies Defendants' attitude toward discovery matters in this case. It is obvious from Defendant Portillo's answer to Interrogatory 7 that he understood what was being asked of him. He referred Plaintiffs to his answer to Interrogatory 6 which states, "Without waiving the foregoing objection to the best of my memory I have not investigated any complaints against police officers." Defendant Portillo did not capitalize complaints in this answer; he understood the question.

**Defendant Reese**

Plaintiffs contend Defendant Reese has intentionally and deliberately failed or refused to answer the interrogatories directed at him. Defendants counter that on October 22, 2002, Plaintiffs faxed interrogatories that were in part "unreadable."[2] Defendants contend Plaintiffs had not obtained a written consent for service by facsimile. Plaintiffs concede they did not get written consent before serving Defendants by facsimile. However, Plaintiffs maintain Defendants never objected to receiving the interrogatories by facsimile and thus have waived their right to object.

---

[2] Although Defendants contend they received the facsimile on October 22, 2002, it appears from the pleadings that they actually received it on October 25, 2002.

Defendants response to Plaintiffs' Motion for Default Judgment states that "counsel called Plaintiffs' counsel and advised him that Defendants were requesting an original readable document." Defs.' Resp. to Pls.' Mot. for Default J. at 3. There is no indication Defendants' counsel informed opposing counsel at that time that he had not consented to service by facsimile. It was not until January 24, 2003, that Defendants' counsel sent Plaintiffs' counsel a letter alluding to the fact that he did not consider the October 25 interrogatories "proper written discovery." Defendants' counsel's letter stated, "For clarification your office did not send proper written discovery to this office on October 22, 2002. On or around October 25, 2002 your office sent by facsimile a nonsensical and somewhat unreadable document . . . . After I received this nonsensical document I called to advise you and you said you would send a supplemental document." Pls.' Ex. 10.

Defendants also contend their responses contained objections and Plaintiffs never challenged those objections pursuant to D.N.M.LR-Civ 26.6. Plaintiffs counter that they received Defendants' responses to Plaintiffs' discovery requests on January 7, 2003, and "forwarded detailed and specific objections to Defendants on January 20, 2003."

The Court has reviewed Defendant Reese's answers to the challenged interrogatories (Defs.' Ex.10) and finds them generally unresponsive. Defendant Reese's Supplemental Responses (Defs.' Ex. 2) are still inadequate in part.

**Conclusion**

The Court finds that Defendants have not been forthright in responding to Plaintiffs' discovery requests. Additionally, counsel need to conduct themselves in a more professional manner. To call a document "nonsensical" does nothing to help matters. Although the Court

finds that sanctions are in order, default judgment is too harsh a remedy in this case. The Court will defer to the trial judge to decide a lesser sanction.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.